UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KAREN GUERTIN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BANK OF AMERICA NA, et al.,<br><br>　　　　　Defendants. | 2:12-CV-281 JCM (PAL) |

**ORDER**

Presently before the court is defendants Bank of America, ReconTrust Company, Mortgage Electronic Registration Systems, Inc., The Bank of New York Mellon, and The Certificateholders of Bear Sterns Alt-A Trust's (collectively, "Bank of America") motion to dismiss plaintiff Karen Guertin's complaint. Doc. #9. Ms. Guertin has failed to file a response, apparently choosing to file a notice of voluntary dismissal instead. *See* Doc. # 12. In response to the notice of voluntary dismissal, Bank of America filed a second motion to dismiss, requesting that the court dismiss the case with prejudice in light of Ms. Guertin's notice. *See* Doc. #13.

The court finds it appropriate to strike Ms. Guertin's notice of voluntary dismissal. The notice was not signed by plaintiff or any attorney of record. Rather, the notice was signed by a Sheree DuBois as Ms. Guertin's "Attorney in Fact." Ms. DuBois does not appear to be a member of the Nevada Bar, nor has she filed a verified petition to practice pro hac vice.

As such, the court cannot find that the notice was properly signed and therefore cannot determine the validity of the notice. The court therefore strikes the notice. *See* Fed. R. Civ. P. 11(a)

**James C. Mahan**
**U.S. District Judge**

1  ("The court must strike an unsigned paper unless the omission is promptly corrected after being
2  called to the attorney's or party's attention."). Striking the notice of voluntary dismissal renders
3  Bank of America's second motion to dismiss moot, leaving only the first unopposed motion to
4  dismiss ripe for this court's consideration.

5  Pursuant to Local Rule 7-2(b), an opposing party's failure to file a timely response to any
6  motion constitutes the party's consent to the granting of the motion and is proper grounds for
7  dismissal. *U.S. v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). However, prior to dismissal, the
8  district court is required to weigh several factors: "(1) the public's interest in expeditious resolution
9  of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)
10 the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic
11 sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *Henderson v. Duncan*, 779 F.2d
12 1421, 1423 (9th Cir. 1986)).

13 In light of the plaintiff's failure to respond and weighing the factors identified in *Ghazali*,
14 the court finds dismissal of the complaint appropriate.

15 In light of the foregoing,

16 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to
17 dismiss (doc. #9) be, and the same hereby is, GRANTED.

18 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the lis pendens
19 encumbering the property located at 980 Buffalo River, Henderson, Nevada 89015 APN: 179-28-
20 713-005 be, and the same hereby is, EXPUNGED.

21 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the notice of voluntary
22 dismissal (doc. #12) be, and the same hereby is STRICKEN.

23 . . .
24 . . .
25 . . .
26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

1   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendants' motion to
2   dismiss with prejudice (doc. #13) be, and the same hereby is DENIED as moot.
3   The clerk of the court shall enter judgment accordingly.
4   DATED July 31, 2012.

                                                                            _____
                                                                            UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**